Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (I)

| | | |
|---|---|---|
| MARIMAR PÉREZ RIERA<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES Y JUNTA DIRECTORES COND. MARYMAR; JUNTA DE DIRECTORES COND. MARYMAR Y SU PRES. RAPHAEL RAMSEYER; JACK BARLIA/TESORERO; JAVIER MÉNDEZ/MARÍA MARCOS, MOMENTUM GROUP CORP. Y/O MMG PUERTO RICO<br><br>Recurridos | KLRA202200500 | *REVISIÓN JUDICIAL* procedente del Departamento de Asuntos del Consumidor, Oficina Regional de San Juan<br><br>Querella núm.: C-SAN-2021-0009712<br><br>Sobre: Condominio (Ley Núm. 104 de 25 de junio de 1958, según enmendada) |

Panel integrado por su presidente el juez Sánchez Ramos, el juez Rivera Torres y el juez Salgado Schwarz

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2024.

Comparece ante este tribunal apelativo la Sra. Marimar Pérez Riera (la señora Pérez Riera o la recurrente), mediante el recurso de revisión de epígrafe solicitándonos que revoquemos la *Resolución en Reconsideración* emitida por el Departamento de Asuntos del Consumidor (DACo), el 20 de mayo de 2022, notificada el 23 del mismo mes y año. La recurrente instó una oportuna solicitud de reconsideración, la cual fue declarada *No Ha Lugar* mediante una *Orden* dictada el 30 de junio de 2022, notificada correctamente el 15 de agosto siguiente.[1] Mediante dicho dictamen se denegó el desglose de honorarios de abogado solicitado por la recurrente al amparo del Artículo 65 de la *Ley de Condominios de Puerto Rico*, Ley 129-2020.

---

[1] Véase la Sentencia del Tribunal Supremo dictada el 15 de diciembre de 2023 en el caso CC-2022-795, a la pág. 29.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos a continuación, modificamos el dictamen recurrido y así modificado, se confirma.

**I.**

El 12 de agosto de 2021, la señora Pérez Riera, titular del apartamento PH en el Condominio Marymar (Condominio) localizado en San Juan, presentó ante el DACo un documento intitulado *Querella y Urgente Orden de Cese y Desista u Orden para paralizar Cobro de Mantenimiento y Derrama* (*Querella*) contra la Junta de Directores (Junta o parte recurrida) y el Consejo de Titulares, entre otros. Esta versa sobre una solicitud de un plan de pago presentada a la Junta debido a aumentos en la cuota de mantenimiento y una derrama.

De la antedicha *Querella*, así como de los anejos incluidos, surgen las siguientes alegaciones las cuales detallamos a continuación por ser pertinentes a la controversia ante nuestra consideración.

El incremento de cuota y la imposición de derrama fueron aprobados unánimemente por los titulares del Condominio, luego de la celebración de una asamblea ordinaria el 26 de mayo de 2021.[2] La cantidad a pagar por este aumento fue determinado de acuerdo con la participación de cada apartamento. La participación de la recurrente es de 9.61840 %, por lo que esto representó un aumento de $112 a su cuota de mantenimiento mensual. Por consiguiente, la nueva cuota de mantenimiento de la señora Pérez Riera fue por $2,351 mensuales, en contraste a los $2,239 que pagaba de ordinario.

Por otro lado, la derrama aprobada, que de igual manera se calculó conforme a su por ciento de participación, totalizó en $12,610 a ser pagados en 6 plazos consecutivos –es decir, 6 meses.

---

[2] Véase el Apéndice del Recurso, a la pág. 23.

Ambos pagos, tanto la nueva cuota de mantenimiento como la derrama, se debían comenzar a efectuar a partir del <u>1 de julio de 2021</u>.

No obstante, la señora Pérez Riera alegó que sufrió un menoscabo en sus ingresos durante el 2020 como consecuencia de la pérdida de su trabajo, a raíz de la pandemia por el COVID-19.[3] Por tal motivo, no contaba con la cantidad de dinero necesaria para cumplir con los pagos establecidos. Como corolario de lo anterior, el 27 de mayo de 2021, la recurrente solicitó a la Junta de Directores del Condominio un plan de pago que constaba en continuar pagando su mensualidad ordinaria de $2,239 y añadir $100 a esta cantidad hasta tanto volviera a tener liquidez financiera.[4] Con el propósito de demostrar este disloque económico, la recurrente se ofreció a presentar a la Junta sus planillas del 2020. En respuesta al pedido, la Junta presentó a la recurrente un plan de pago donde la mensualidad con <u>el aumento aprobado subsistiría, pero esta tendría 12 meses para el pago de la derrama, en lugar de los 6 meses</u> establecidos inicialmente.[5]

Inconforme con esta propuesta, la recurrente reiteró su plan inicial a lo que la Junta entonces exigió a la señora Pérez Riera el envío de documentación financiera adicional en aras de confeccionar un plan de pago distinto. La información requerida consistió en proveer las planillas correspondientes a los años 2018, 2019 y 2020, los estados de cuenta de todas sus cuentas bancarias desde el 31 de diciembre de 2020 hasta el 30 de junio de 2021, estados de cuenta de inversiones de diciembre 2019, diciembre 2020 y julio 2021, y una lista de todos sus activos y pasivos; así como de cualquier otro ingreso que no esté radicado en sus planillas y pagos

---

[3] *Íd.*, a la pág. 26.
[4] *Íd.*
[5] *Íd.*, a la pág. 28.

de pensión alimenticia de menores, de ser aplicable.[6] La recurrente se negó en proveer los documentos mencionados al encontrar que la petición era onerosa. Por tal motivo, la Junta decidió retirar su propuesta y no proveer plan de pago alguno.

Luego de los intentos infructuosos de negociar un plan de pago, que se ajustara a la realidad financiera de la recurrente y con el cual la Junta estuviese de acuerdo, esta acudió al DACo mediante la mencionada *Querella* y realizó los siguientes reclamos:

> (i) Urgente[mente] [o]rdene el cese y desista del cobro de mantenimiento y derrama a la Querellante hasta tanto se concluya la controversia dirigid[a] al administrador,
>
> (ii) Ordene que la [J]unta de [D]irectores se reúna con la Querellante para evaluar un plan de pago y llegar a un plan de pago razonable,
>
> (iii) Ordene que la [J]unta de [D]irectores no puede delegar esta función en terceros,
>
> (iv) Establezca que la pérdida de trabajo es motivo causal de necesidad,
>
> (v) Establezca que solicitar planillas, estado de bancos, cuentas de inversiones, lista de activos y pasivos y pensión alimentaria es irrazonable,
>
> (vi) Dicte que[,] según Artículo 42(e) de la Ley de Condominio[s] y [la] Sección 35 [del] Reglamento [Núm.] 6728[,] la Querellante no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta de Directores o el Consejo de Titulares cuando la Querellante prevalece,
>
> (vii) Orden[e] que [J]unta de [D]irectores desglose los gastos legales atribuibles al caso de epígrafe y se los notifique a la Querellante, y
>
> (viii)[C]ualquier otra providencia en ley que así estime.[7]

La *Querella* fue declarada No Ha Lugar por el DACo el 27 de abril de 2022 mediante una *Resolución Final*.[8] Sin embargo, luego

---

[6] *Íd.*, a la pág. 35.
[7] *Íd.*, a las págs. 15-16.
[8] Véase el Apéndice del Recurso, a la pág. 54. Este dictamen se notificó el mismo día que se emitió.

de una moción de reconsideración presentada oportunamente por la recurrente, el DACo declaró esta *Ha Lugar* y **modificó su decisión anterior**. Así, en la <u>*Resolución en Reconsideración* del 20 de mayo</u> <u>de 2022, notificada el 23 de mayo siguiente</u>, el foro esbozó los siguientes términos: [9]

> a. Dentro de un término de (30) días, contados a partir de emitida la presente Resolución en Reconsideración, la querellante deberá someter, para la revisión y análisis correspondiente, **además de la declaración jurada ya sometida, las planillas de contribución sobre ingresos para los años 2020 y 2021**. Además, dentro del mismo término de treinta (30) días, la querellante deberá someter un plan de pago propuesto, con el cual entienda puede cumplir.
>
> b. Sometida la información dispuesta en el apartado 2a., la Junta de Directores del Condominio Marymar deberá evaluar la misma, en un término de (30) días, y dentro del mismo término, **deberá notificar a la querellante la posibilidad de conceder el plan de pago propuesto por esta, o un plan de pago alterno**.
>
> c. Si, dentro de un término de treinta (30) días, contados a partir de la notificación, a la querellante, de la determinación de la Junta, según dispuesto en [el] apartado 2., b., **las partes no logran ponerse de acuerdo en cuanto a un plan de pago**, la Junta de Directores **podrá tomar las medidas que correspondan bajo las disposiciones aplicables de la Nueva Ley de Condominios de Puerto Rico**, Ley número 129 del 16 de agosto de 2020, **para el cobro de las deudas en cuestión**. [Énfasis nuestro]

Además, en lo que respecta a la solicitud de documentación financiera adicional, que la Junta requirió a la recurrente, razonó que: "resulta ser argumentable que la información adicional solicitada por la Junta de Directores para evaluar un plan de pago más flexible, para la querellante, **es demasiado amplia para dicho**

---

[9] *Íd.*, a la pág. 87.

**propósito.** Cualificando, de esta manera, la pretensión de la querellante, **este Departamento concluye que, en las circunstancias de la querella de epígrafe, será suficiente, para que la Junta de Directores esté en posición de evaluar un plan de pago más flexible, para la querellante, que ésta le presente, para la revisión y análisis correspondiente, además de la declaración jurada ya sometida, copia de sus planillas de contribución sobre ingresos para los años 2020 y 2021**".[10]

Acorde con lo determinado, el 8 de junio de 2022, la señora Pérez Riera presentó una *Solicitud de Orden para que se Desglosen los Gastos de Abogados que no le Corresponde Pagar a la Querellante a tenor con el Artículo 65 de la Ley de Condominios* donde exigió al DACo que ordenara a la parte querellada-recurrida **a desglosar los costos de honorarios de abogado y gastos legales incurridos por la Junta de Directores y el Consejo de Titulares para que estos le sean devueltos a la recurrente, ya que se le habían cobrado en su cuota de mantenimiento**. Esto, al amparo de lo establecido en el Artículo 65 de la *Ley de Condominios de Puerto Rico*, Ley 129-2020 (Artículo 65).[11] La Junta presentó su oposición a dicho petitorio alegando que este no procede, ya que la señora Pérez Riera no prevaleció en su solicitud.[12] Esta instó una *Breve Réplica …* en la cual fundamentó su solicitud ilustrando mediante tabla los asuntos sobre los cuales, a su entender, prevaleció.[13]

El petitorio fue declarado *No Ha Lugar*, sin más, por el DACo mediante una *Orden* emitida el 30 de junio de 2022, notificada el mismo día.[14]

Insatisfecha, el 18 de julio de 2022, la recurrente presentó un escrito titulado *Solicitud de Reconsideración a Orden del 30 de junio*

---

[10] *Íd.* a la pág. 86. Énfasis nuestro.
[11] Véase el Apéndice del Recurso, *Solicitud de Orden*, a la pág. 92.
[12] *Íd.*, a las págs. 94-97.
[13] *Íd.*, a las págs. 98-103.
[14] *Íd.*, a las págs. 104-105.

*de 2022, o en la alternativa, Solicitud de Corrección en la Notificación de Orden del 30 de junio de 2022.*[15] La Junta presentó su oposición a dicho petitorio.[16] Posteriormente, la señora Pérez Riera instó una *Moción Aclaratoria...* en la cual reiteró que el Artículo 65 es mandatorio y no discrecional según resuelto por la propia agencia en otro caso.[17] El 11 de agosto de 2022, notificada el 15 del mismo mes y año, el DACo emitió una segunda *Resolución en Reconsideración* declarando nuevamente *No Ha Lugar* a lo solicitado; no obstante, declaró *Ha Lugar* a la solicitud de corrección de la notificación.[18]

Todavía inconforme, la señora Pérez Riera acude ante este foro apelativo mediante el presente recurso imputándole al DACo la comisión del siguiente error:

> ERRÓ EL DACO AL EMITIR UNA ORDEN QUE IMPLICA QUE LAS DISPOSICIONES DEL ARTÍCULO 65 DE LA LEY DE CONDOMINIOS Y DE LA SECCIÓN 35 DEL REGLAMENTO SOBRE CONDOMINIOS Y DE LA SECCIÓN 35 DEL REGLAMENTO SOBRE CONDOMINIOS NÚM. 6728 DEL DACO, SON DE APLICACIÓN DISCRECIONAL, Y EN CONSECUENCIA, PRIVAR A LA TITULAR QUE PREVALECE EN UNA QUERELLA DE QUE SEA EXIMIDA DE CONTRIBUIR CON EL PAGO DE GASTOS LEGALES Y HONORARIOS DE ABOGADO INCURRIDOS POR LA PARTE CONTRARIA, A PESAR DE EXISTIR UN MANDATO ESTATUTARIO A ESTOS EFECTOS.

Destacamos que, en el presente recurso, dictamos una *Sentencia* el 4 de octubre de 2022 desestimando por falta de jurisdicción.[19] La recurrente acudió al Tribunal Supremo el que dictó una *Sentencia* el 15 de diciembre de 2023 determinando que contamos con jurisdicción para atenderlo (CC-2022-795). El más alto foro expresó y citamos:[20]

> Luego de repasar los hechos esenciales de la controversia ante nos, llegamos a la conclusión de que **la moción presentada por la peticionaria el 8 de junio de 2022 ante la agencia constituye una**

---

[15] *Íd.*, a las págs. 106-125.
[16] *Íd.*, a las págs. 126-130.
[17] *Íd.*, a las págs. 131-135.
[18] *Íd.*, a la pág. 3.
[19] El Juez Sánchez Ramos emitió voto disidente por escrito.
[20] Véase la nota al calce núm. 1.

**oportuna y válida solicitud de reconsideración** en cuanto al asunto de desglose de los gastos legales atribuibles al caso. La determinación del DACo respecto a dicha moción de reconsideración no se notificó correctamente hasta el 15 de agosto de 2022, por lo que la decisión del 20 de mayo de 2022-notificada el 23 de mayo de 2022- en lo relativo a la controversia sobre el desglose de los gastos legales atribuibles al caso **podía atenderse mediante el recurso de revisión judicial presentado por la señora Pérez Riera el 12 de septiembre de 2022 ante el Tribunal de Apelaciones**. [Énfasis en el original]

Así, y recibido el *Mandato,* emitimos una *Resolución* concediéndole término a la parte recurrida hasta el 8 de marzo de 2024 para expresarse.[21] Llegado el día, se presentó *Alegato en Oposición a Recurso de Certiorari,* por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Luego de evaluar los escritos de ambas partes y el expediente de autos; así como estudiado el derecho aplicable, procedemos a resolver la presente controversia.

**II.**

**La revisión judicial**

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008). En el ámbito administrativo, los tribunales apelativos deben conceder deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Asoc. Fcias. v. Caribe Specialty et al. II.*, 179 DPR 923, 940 (2010). No obstante, esta deferencia a las agencias administrativas habrá de ceder cuando la misma no esté basada en evidencia sustancial, cuando la agencia erró en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal. *The Sembler Co. v. Mun. de Carolina,*

---

[21] Véase la *Resolución* del 2 de febrero de 2024, notificada el 5 de febrero siguiente.

185 DPR 800, 822 (2012). Por consiguiente, la revisión judicial de una decisión administrativa se circunscribe a analizar: (1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II*, supra, pág. 940.

A estos efectos, la Ley núm. 38-2017 conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, dispone en su Sección 4.5, 3 LPRA sec. 9675, que:

> El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obre en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos los aspectos por el tribunal.

**La Ley Núm. 129-2020**

El 16 de agosto de 2020, la Asamblea Legislativa aprobó la Ley núm. 129 del 16 de agosto de 2020, denominada como la *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1291 *et seq.*[22] La misma se aprobó con el fin de actualizar las normas que rigen la convivencia en los condominios y atemperar la norma estatutaria a cambios sociológicos experimentados en el país. *Exposición de Motivos* de la Ley núm. 129-2020. En lo concerniente a la controversia que nos ocupa, el Artículo 65 de dicha ley, 31 LPRA sec. 1923j, intitulado *Impugnaciones de Acciones u Omisiones de la Junta de Directores, Administrador Interino y Acuerdos y Determinaciones del Consejo* establece, en su último párrafo, **que el titular que prevalezca en su querella no vendrá obligado a contribuir al pago de honorarios que la Junta o el**

---

[22] Este estatuto derogó la Ley núm. 104 de 23 de junio de 1958 conocida como la "Ley de Condominios".

**Consejo de Titulares haya tenido que desembolsar para remunerar a su representación legal en el proceso adjudicativo**.

El texto preceptúa particularmente lo siguiente: "[e]l titular que **prevalezca en cualquier reclamación de su querella** no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares, ni a la multa que, en su caso, pudiera imponérsele a la parte querellada".

Por otro lado, el Reglamento Núm. 6728 intitulado *Reglamento sobre Condominios*, aprobado el 26 de noviembre de 2003, disponía en su Sección 35 lo siguiente:

> ...
> ...
> El titular que **prevalezca en cualquier reclamación de su querella** no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares, ni a la multa que, en su caso, pudiera imponérsele a la parte querellada. [Énfasis nuestro]

El Reglamento Núm. 6728 fue derogado por el Reglamento Núm. 9386 intitulado *Reglamento de Condominios*, aprobado el 6 de junio de 2022, cuya vigencia comenzó el 6 de julio siguiente. Sin embargo, en la Regla 31 de este cuerpo de reglas se mantuvo la misma disposición y citamos:

> ...
> ...
> El titular que **prevalezca en cualquier reclamación de su querella** no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares, ni a la multa que, en su caso, pudiera imponérsele a la parte querellada. [Énfasis nuestro]

Por último, precisa destacar que ambos reglamentos establecen que deberán ser interpretados liberalmente a favor de los titulares. Sección 4 del Reglamento Núm. 6728 y Regla 4 del Reglamento Núm. 9386.

**III.**

En esencia, la recurrente señaló que erró el DACo al declarar *No Ha Lugar* su petitorio de desglose de los gastos en que incurrió la

Junta de Directores por concepto de honorarios de abogado. Al respecto, planteó que dicha actuación implica que la agencia realizó una interpretación del Artículo 65 de la Ley 129-2020, *supra,* otorgándole carácter discrecional y no mandatorio. Además, esta fundamentó su pedido en que se le adjudicaron a su favor todas las súplicas incluidas en su *Querella*. Adelantamos que, si bien no *todas* las reclamaciones le fueron adjudicadas a su favor, concluimos que el reclamo contenido en el inciso (v) de la *Querella* sí le fue concedido a la recurrente. Veamos.

La *Querella* presentada por la señora Pérez Riera, a pesar de que fue inicialmente declarada No Ha Lugar, fue modificada mediante una *Resolución en Reconsideración* dictada por el DACo, luego de declarar *Ha Lugar* la *Solicitud de Reconsideración* presentada por esta. Entre los asuntos que el DACo atendió en dicha resolución, se encuentra que la documentación financiera adicional exigida por parte de la Junta de Directores a la señora Pérez Riera, para llegar a un acuerdo para establecer un plan de pago, **era muy amplia**. En especial, en el acápite (v) de la querella esta requirió que el DACo; "[e]stablezca que solicitar planillas, estado de bancos, cuentas de inversiones, lista de activos y pasivos y pensión alimentaria es irrazonable".

En respuesta al referido pedido, el DACo determinó que la entrega de una declaración jurada junto con las planillas correspondientes a los años 2020 y 2021 **era suficiente** para que la Junta de Directores evaluara la petición de la recurrente y así llegar a un acuerdo. En este sentido, reiteramos que el reclamo de la señora Pérez Riera ante la agencia, que fue esencialmente que se determinara que la solicitud de documentación financiera adicional exigida por la Junta de Directores **era irrazonable e improcedente para confeccionar un plan de pago, se le concedió**. Por lo que, al DACo adjudicarlo a favor de la recurrente evidentemente resulta en

relevarla de someter la información financiera adicional requerida por la recurrida. Es decir, el dictamen del foro revisado tiene el efecto de liberar a la recurrente de entregar la información financiera complementaria que le exigía la Junta, ello al entender que la declaración jurada y las planillas de los años 2020 y 2021 resultaban ser suficientes para que la Junta pudiese alcanzar un acuerdo, basado en dichos documentos, según peticionado por ella.[23] En otras palabras, el DACo resolvió que la señora Pérez Riera no tenía que entregar la información requerida por la Junta, a saber, las planillas correspondientes a los años 2018 y 2019, los estados de cuenta de todas sus cuentas bancarias desde el 31 de diciembre de 2020 hasta el 30 de junio de 2021, los estados de cuenta de inversiones de diciembre 2019, diciembre 2020 y julio 2021, y una lista de todos sus activos y pasivos; así como de cualquier otro ingreso que no esté radicado en sus planillas y pagos de pensión alimenticia de menores, de ser aplicable. Al respecto, recalcamos que en el reclamo (v) de la Querella, esta solicitó al foro recurrido que estableciera "… que solicitar planillas, estado de bancos, cuentas de inversiones, lista de activos y pasivos y pensión alimentaria [era] irrazonable". Incluso, precisamos que la entrega de las planillas del 2021 fue ordenada por el DACo *a motu proprio* mediante su *Resolución en Reconsideración* del 20 de mayo de 2022.

Como señaló el más alto foro en la *Sentencia* dictada en el CC-2022-795, "[f]ue en esa ocasión cuando la agencia modificó su dictamen a los fines de limitar el alcance de los documentos que la

---

[23] Respecto a las planillas de los años 2020 y 2021 la Junta alegó en su "*Oposición e improcedencia de 'Solicitud para que se desglosen los gastos de abogado … ' Presentada por la Querellante*" que la recurrente no prevaleció en su reclamo, ya que DACo no declaró la documentación como confidencial y le ordenó someter las planillas de 2020 y 2021, las cuales ella se negaba a entregar. No obstante, la recurrente no se opuso a la entrega de las planillas del 2020, pues desde la solicitud a la Junta para acordar un plan de pago, esta se ofreció a presentar las planillas correspondientes a dicho año. Su única objeción al respecto era entregarlas vía correo electrónico, sino que proponía presentarlas en persona. En cuanto a las planillas del 2021, estas no fueron exigidas por la Junta, por lo que la recurrente no se opuso a dársela.

Junta le requirió a la señora Pérez Riera para la evaluación del plan de pago, esto según solicitado por la peticionaria en su petición de reconsideración. **Es con esa determinación que, por primera vez, la señora Pérez Riera pudo considerar que había prevalecido en su reclamo y ahí también es cuando, por primera ocasión, el DACo denegó los remedios relativos al desglose de los gastos legales atribuibles al caso.** [...]". [Énfasis en el original]. *Íd.*, a la pág. 28. En atención a esto, sin duda, resulta incorrecta la apreciación de la parte recurrida en su alegato en oposición, al afirmar que la controversia en el presente caso no está madura y que es una mera opinión consultiva no justiciable.

Por tanto, y según esbozamos en el derecho precedente, el texto del estatuto regente de la convivencia de los condominios, Ley núm. 129-2020, es diáfano respecto a cuándo procede eximir a un querellante de contribuir en los gastos legales. Así, el lenguaje del Artículo 65, *supra*, reza claramente que si el titular impera en **cualquiera de los reclamos contenidos en la querella** no tendrá que contribuir a los honorarios o gastos legales en que incurra la Junta o el Consejo de Titulares. Por ello, no cabe duda de que se exime al titular de la referida aportación cuando se prevalezca en **cualquiera de sus reclamos** ante el foro administrativo. En este sentido, precisa apuntalar que el antedicho precepto legal no advierte que es requisito, para su aplicación, prevalecer en la totalidad de los reclamos incluidos en la querella. Tampoco dispone que su imposición es discrecional, todo lo contrario, del propio texto se desprende su carácter mandatorio. Como ya indicamos, igual disposición surge en los Reglamentos antes citados, los cuales, a su vez, son claros en que <u>la interpretación de sus articulados debe hacerse a favor de los titulares.</u>

En virtud de la normativa antes señalada, resulta forzoso concluir que erró el DACo al no eximir a la señora Pérez Riera de

contribuir con el pago de gastos legales y honorarios de abogado incurridos por la Junta en el trámite de la querella objeto del recurso ante nuestra consideración. Ello, como explicamos, al esta haber prevalecido en parte de sus reclamos incluidos en la querella ante el foro administrativo. Puntualizamos que, conforme a la Sección 4.5, *supra*, de la LPAUG, este tribunal tiene autoridad para conceder el remedio apropiado y revisar las conclusiones de derecho en todos los aspectos. Por ende, revisar la determinación de si la agencia erró al denegar el remedio provisto en el Artículo 65, *supra*, es un asunto que le compete a esta *Curia*.

Ahora bien, este tribunal no se encuentra en posición de poder determinar la cuantía de la cual está exenta, ya que no surge de los autos a cuánto ascienden los honorarios de abogado pagados por la Junta, ni a cuánto asciende la participación de la recurrente en dicho gasto. Por tal motivo, devolvemos el recurso ante el DACo para que este lleve a cabo el trámite necesario y ordene el desglose de los gastos legales incurridos por la Junta de Directores en aras de eximir a la recurrente de tal contribución.

De otra parte, a los fines de evitar confusión, enfatizamos que no le asiste la razón a la parte recurrida al señalar en su alegato en oposición que la agencia es quien debe valorar cuál es "el monto que la recurrente no viene obligada a contribuir por haber resultado victorioso en unos reclamos, menos la proporción de los gastos que la recurrente sí viene obligada a contribuir por haber resultado perdidosa en otros reclamos".[24] Sin duda, dicho planteamiento es contrario a lo aquí resuelto y a la letra clara del Artículo 65, *supra*. Asimismo, dicho ejercicio es uno fútil, ya que los gastos incurridos por la parte recurrida, en honorarios de abogado, fue por la

---

[24] Véase el Alegato en Oposición a Recurso de Revisión, a la pág. 17.

representación legal en todo el proceso adjudicativo ante la agencia como consecuencia de la *Querella* presentada.

Por último, entendemos meritorio destacar que se mantienen las órdenes emitidas por el DACo en la *Resolución en Reconsideración* del 20 de mayo de 2022, a los fines de lograr un acuerdo respecto al plan de pago solicitado por la señora Pérez Riera y de no lograrse dicho acuerdo, tomará las medidas que correspondan bajo las disposiciones de la Ley núm. 120-2020. Esto, máxime cuando no surge de los autos si la recurrente ha cumplido en más de un (1) año con su obligación de pagar la cuota y la derrama debidamente aprobada. Recordemos que la obligación de cada titular, al pago de los gastos comunes o cuotas de mantenimiento, se ha reconocido como uno de los principios esenciales de la vida en comunidad. *Condominio First Federal v. LSREF2,* 202 DPR 934, 940 (2019). A su vez, destacamos que en dicha resolución el DACo emitió un cese y desista contra el Consejo de Titulares y su Junta del corte de los servicios de agua y de electricidad, o de cualquier otro, mientras no hayan ocurrido los trámites, y transcurrido los términos dispuestos en el referido dictamen.

**IV.**

Por los fundamentos antes expuestos, modificamos la *Resolución en Reconsideración* y, así modificada, se confirma. En consecuencia, modificamos a los únicos fines de incluir en dicho dictamen que la Sra. Marimar Pérez Riera no tiene que contribuir a los honorarios o gastos legales en que incurrió la Junta o el Consejo de Titulares para la tramitación del presente caso.

Además, devolvemos el caso a la agencia para que lleve a cabo el trámite necesario y ordene al Consejo de Titulares y a su Junta informar los gastos legales incurridos y la participación que la Sra.

Marimar Pérez Riera está exenta de contribuir, conforme a su participación, una vez reciba el mandato.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos disiente, por considerar que, en las circunstancias particulares de este caso, la Sa. Pérez Riera no prevaleció en reclamación alguna, dentro del significado de dichos términos en el Artículo 65 de la Ley 129-2020. Aun de estimarse lo contrario, la más adecuada interpretación de dicha disposición nos obligaría a comparar la reclamación en la cual se prevaleció con aquellas en las cuales no se prevaleció, para ajustar así apropiadamente la cuantía de los gastos legales a los cuales la titular no tendría que contribuir.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones